**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SAMUEL BAILEY,

*Defendant-Appellant.*

No. 01-4284

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Joseph Robert Goodwin, District Judge.
(CR-00-113)

Submitted: January 31, 2002

Decided: February 11, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James W. Shepherd, Dunbar, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Following his guilty plea to distribution of cocaine in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001), Samuel Bailey appeals his conviction and sentence. Bailey's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but challenging Bailey's classification as a career offender. Bailey was informed of his right to file a pro se brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm Bailey's conviction and sentence.

We find that Bailey's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991). Contrary to Bailey's assertion, the district court was not required to inform him of the possible enhancement to his sentence if he were determined to be a career offender. *See United States v. Good*, 25 F.3d 218, 222-23 (4th Cir. 1994).

We find no plain error in the district court's determination that Bailey was a career offender. *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *see U.S. Sentencing Guidelines Manual* § 4B1.1 (2000). At sentencing, Bailey admitted that he was properly sentenced as a career offender; however, on appeal, he challenges the use as a predicate offense of a rape conviction returned when he was seventeen years old. The record supports the finding that Bailey's rape conviction counts as an adult conviction. *See* USSG § 4B1.2, comment. (n.1) (advising that an offense committed before age eighteen counts as an adult conviction if the defendant was proceeded against as an adult). Accordingly, we find no plain error by the court in sentencing Bailey as a career offender. Additionally, because Bailey was properly determined to be a career offender, the district court properly overruled—as irrelevant—Bailey's objections to the determination of his relevant conduct.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Bai-

ley's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*